Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cathleen Fleming, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Frederick J. Hanna & Associates, PC, | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1.   This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Cathleen Fleming ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Goodyear.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Frederick J. Hanna & Associates, PC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

**Messages from a non-existent "attorney."**

11.     Plaintiff received several voice mail messages from a caller identifying himself as "Richard Cole," an attorney from the law offices of Frederick J. Hanna, requesting a return call at 866-375-4232.  Plaintiff believed based on these messages that when she returned the call, she would be speaking to an attorney.  However, when Plaintiff returned the call, she was told that there was no "Richard Cole."

**Defendant harassed, oppressed and abused Plaintiff.**

12.     On July 8, 2010, Plaintiff answered a call from Defendants, and spoke with "Miss Johnson," an employee of Defendant.  Plaintiff told Miss Johnson that she wanted to settle the debt, and could do it in two payments, or one lump sum of 30% of the debt.  Miss Johnson transferred Plaintiff to her supervisor, "John Kreegan."

13.     Mr. Kreegan immediately informed Plaintiff that the settlement offer was no longer valid.  Plaintiff again stated that she wanted to settle, but needed to do it in two payments.  Mr. Kreegan said he would only agree if Plaintiff gave him her bank account number.  Plaintiff does not give her bank information over the phone and refused.  Mr. Kreegan became very angry, yelling and ranting at Plaintiff.

14.     Mr. Kreegan demanded that Plaintiff go to the Post Office and send him an envelope containing two post-dated checks, via Overnight Delivery, and immediately call him with the tracking number.

15.     Plaintiff requested that Mr. Kreegan send her the offer in writing, and she would then mail the appropriate payments.  Mr. Kreegan refused to give Plaintiff anything in writing until **after** she sent payment.

16.     Mr. Kreegan began demanding that Plaintiff find a fax machine, *i.e.* at Kinko's or the library, so that he could fax the settlement offer to her.  Plaintiff responded that she was not supposed to be driving due to her disability and the medication she has to take.  Plaintiff told Mr. Kreegan that she did not understand his refusal to use the mail to send a settlement agreement, and to receive her payment.  Mr. Kreegan was so abusive and angry that the conversation reduced Plaintiff to tears.

17.     On July 16, 2010, Plaintiff answered a call from Defendant, and Miss Johnson quickly transferred Plaintiff to Mr. Kreegan.  *Again,* Mr. Kreegan demanded that Plaintiff give him her bank account information, and *again* he refused to provide any written settlement offer through the mail.  *Again*, he insisted that Plaintiff drive to a fax machine.  He was rude and angry.

18.     Plaintiff *again* told him that she would send the check through the U.S. Mail, after she received a written settlement offer from him.  He became incensed, and screamed about a deadline of July 26th, 2010.  He yelled at Plaintiff, "Miss, you don't seem to understand the definition of deadline!"  Plaintiff had never heard of any deadline.  Plaintiff kept repeating that if Mr. Kreegan would send the offer in writing, she would send payment by mail.  Mr. Kreegan kept pressuring her for her bank account information and referring to his self-imposed July 26th deadline.

19.     Mr. Kreegan's abusive, oppressive, and harassing telephone calls so upset Plaintiff that she was severely emotionally distressed, and could have endangered her and others by attempting to drive to a fax machine to satisfy his demands, despite her disability and medication which interferes with her ability to drive.

**Defendant often called Plaintiff before 8:00 a.m.**

20. Defendant placed numerous calls to Plaintiff before 8:00 A.M., a time that Defendant knew to be inconvenient to Plaintiff, including but not limited to the following dates and times:

| | |
|---|---|
| May 7, 2010 | 6:39 a.m. |
| May 12, 2010 | 7:33 a.m. |
| May 13, 2010 | 6:48 a.m. |
| May 18, 2010 | 6:03 a.m. |
| May 21, 2010 | 6:32 a.m. |
| June 2, 2010 | 5:43 a.m. |
| June 21, 2010 | 7:24 a.m. |
| June 22, 2010 | 6:56 a.m. |
| July 17, 2010 | 6:21 a.m. |
| July 17, 2010 | 6:24 a.m. |

21. On July 16, 2010, Plaintiff spoke with Miss Johnson, who acknowledged that she was aware that she was calling Arizona. In addition, Defendant's correspondence was addressed to Plaintiff's Arizona residence. Defendant knew or had reason to know that Plaintiff was in the Arizona time zone, and that the above calls were made before 8 a.m., Arizona time.

…

…

**<u>Defendant misled Plaintiff to believe it could take legal action, but Defendant is not licensed to practice law in Arizona.</u>**

22. Defendant dunned Plaintiff on two separate alleged debts. On May 6, 2010, Defendant mailed one letter to Plaintiff demanding payment of $1,581.68, on account ending in -7790 (Debt #1), and a second letter demanding payment of $3,353.40, on account ending in -0408 (Debt #2).

23. Defendant mailed a second set of dunning letters to Plaintiff on June 11, 2010, one for each of the two accounts. Plaintiff received a total of four letters from Defendant, two on each account.

24. All four of Defendant's letters are on law firm letterhead, entitled "Frederick J. Hanna & Associates, PC, Attorneys at Law," bearing the names of ten attorneys, without any notation as to the states in which those attorneys are licensed to practice.

25. The May 6, 2010 letters read, in pertinent part:

> Please be advised that **this law firm represents** CHASE BANK, N.A. in its effort to collect your delinquent debt as shown above. Please contact our office to make arrangements to pay the unpaid balance.
> * * *
> At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However if you fail to contact this office, **our client may consider additional remedies** to recover the balance due.
>
> Sincerely,
>
> Frederick J. Hanna & Associates

26. Defendant sent written correspondence on Defendant's law firm letterhead to Plaintiff at Plaintiff's Arizona residence, dated May 6, 2010 and June 11, 2010, stating that the Defendant represented an alleged creditor of the Plaintiff **as its attorney**.

27. Upon information and good-faith belief, no attorney named upon Defendant's letterhead is licensed to practice law in the state of Arizona. Defendant misled Plaintiff to believe that Defendant could take action against Plaintiff in its capacity as an attorney, when in fact, Defendant could not do so. Defendant's correspondence also made no reference to any affiliate that could do so, constituting a false representation that an individual is an attorney, a false representation of the level of meaningful attorney involvement in the collection of an alleged debt, and a false representation and deceptive practice in connection with an attempt to collect an alleged debt.

28. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. Defendant violated the FDCPA in multiple ways, including but not limited to the following:

    a. Violating 15 U.S.C. § 1692c(a)(1) by contacting Plaintiff at any unusual time or place or a time or place known or which should be known to be

      inconvenient to the consumer, specifically, before 8:00 a.m. on multiple occasions;

b. Violating 15 U.S.C. §§ 1692e(3) and 1692e(10) by misleading Plaintiff to believe that Defendant could take action against Plaintiff in its capacity as an attorney, when in fact, Defendant could not do so, falsely representing that an individual is an attorney, falsely representing the level of meaningful attorney involvement in the collection of an alleged debt, and using false representations and deceptive practices in connection with an attempt to collect an alleged debt.

c. Violating 15 U.S.C. §1692d by engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, such as the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader, when Defendant's representative screamed at Plaintiff during multiple phone calls, causing her extreme emotional distress.

d. Violating 15 U.S.C. §1692f by using unfair and unconscionable collection tactics, including attempting to pressure Plaintiff, a disabled adult who could not drive, to get behind the wheel just to find a fax machine, and by attempting to coerce Plaintiff into providing her bank account information over the phone, refusing to accept payment by mail, and by refusing to document a settlement agreement in writing for Plaintiff's security.

    e. Violating 15 U.S.C. §1692g where Defendant's May 6, 2010 letters overshadowed/contradicted the required advisement of Plaintiff's right to dispute/validation.  Defendant's letter overshadowed Plaintiff's §1692g validation rights by the use of law firm letterhead complete with names of ten attorneys, representing that Defendant law firm was representing the original creditor as its attorneys, that failure to pay could result in "additional remedies," and failing to state that no attorneys were licensed to practice in Arizona; while at the same time stating that no attorney had reviewed the particular circumstances of Plaintiff's account.  Such contradiction would confuse and mislead the least sophisticated consumer to believe that legal action was possible and probable, and that the 30-day validation period required by §1692g was a futile exercise to be foregone.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated the FDCPA;

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 15th day of November, 2010.

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff